[No. 8281.   En Banc.   June 25, 1992.]

*In the Matter of the Disciplinary Proceeding
Against* JAY C. IMMELT, *an
Attorney at Law.*

*Jay C. Immelt,* pro se.

*Jean Kelley McElroy,* for Bar Association.

PER CURIAM. — Attorney Jay C. Immelt appeals the Disciplinary Board's recommendation that he be disbarred.

On October 29, 1982, Mr. Immelt entered into a stipulation for discipline and received a 2-year suspension from the practice of law with all but 60 days suspended on the condition that he refrain from using alcohol or drugs and undergo alcohol and drug treatment. The stipulated facts indicated Mr. Immelt received $850 in cash from a client to pay as a settlement to PEMCO Insurance Company. Mr. Immelt did not deposit that money into either his business or trust account and failed to account for the money in any manner. The stipulated facts further showed Mr. Immelt failed to maintain his trust account records accurately and deposited personal funds into his lawyer trust account.

In 1983, Mr. Immelt resumed practice in Tacoma, where he stayed until 1985. He then moved to Ohio where, in July 1986, he was admitted to the bar. He worked with a law firm through November 1986, when he opened his own practice.

From September 1987 through November 1988, Mr. Immelt transferred approximately $45,000 in funds from his trust account to his personal business account without the consent of the clients for whom the funds were held. He subsequently turned himself in to the United States Attorney. In prosecuting the thefts of client funds, the only avenue open to the federal government was the claim of mail fraud, to which Mr. Immelt pleaded guilty on April 11, 1989. He was sentenced to 5 years' probation in the United States District Court for Northern Ohio, Eastern Division. Mail fraud is a class E felony as defined by 18 U.S.C. § 1341 and 18 U.S.C. § 3559.

On December 27, 1989, the Washington State Bar Association (WSBA) filed a formal complaint against Mr. Immelt charging two counts of misconduct. Count 1 charged him with violating RLD 1.1(a) (conduct involving felony), RLD 1.1(i) (conduct violating Rules of Professional Conduct), and RLD 1.1(p) (conduct demonstrating unfitness to practice law). Count 2 charged Mr. Immelt with violating RLD 1.1(p), based on his prior record of discipline by the WSBA combined with his current conviction for mail fraud. Mr.

Immelt's hearing was scheduled for August 24, 1990, as a default matter, but the hearing officer continued it to allow for further attempts to contact Mr. Immelt. The hearing was eventually held on August 8, 1991.

In the interim, on November 7, 1990, the Ohio Supreme Court ordered Mr. Immelt indefinitely suspended from the practice of law in Ohio. He was ordered to show complete restitution in the amount of $47,182 in order to apply for readmission to the Ohio Bar. *Office of Disciplinary Counsel v. Immelt*, 55 Ohio St. 3d 17, 562 N.E.2d 888 (1990).

At the hearing on the WSBA complaint (on August 8, 1991) Mr. Immelt testified, arguing for "reciprocal discipline" — imposition of the sanction of indefinite suspension — as opposed to disbarment.

The hearing officer entered findings, conclusions, and recommendation on August 30, 1991, finding Mr. Immelt had committed all of the violations alleged in the WSBA's formal complaint and that the appropriate sanction was disbarment. On September 27, 1989, the Disciplinary Board voted 11 to 0 to recommend disbarment. Mr. Immelt appeals from the recommendation of disbarment.

Mr. Immelt contends under RLD 12.6, which deals with "reciprocal discipline", we are required to impose discipline identical to that imposed by the Ohio Supreme Court. Mr. Immelt has wrongly characterized this case as one involving reciprocal discipline.

RLD 12.6 is designed to obviate the need for the WSBA to relitigate a complaint that has already been fully and *finally* litigated in another jurisdiction. *See* RLD 12.6(c) (regarding the conclusive effect of a final adjudication in another jurisdiction with respect to establishing misconduct in this state); *see also Reciprocal Discipline: An Approach to Lawyer Discipline*, 31 How. L.J. 299 (1988) (recognizing reciprocal discipline alleviates burden of securing witnesses and evidence otherwise required for de novo hearings and dispenses with necessity of resolving critical factual issues).

▮ In this case, however, the WSBA *itself* fully litigated the allegations of misconduct. A full, formal hearing was

conducted; the hearing officer arrived at findings, conclusions, and a recommendation. The disciplinary proceedings in this state were not based on the Ohio *disciplinary* proceedings, but on the *crimes* Mr. Immelt committed in Ohio, as well as the fact he had been disciplined before in Washington for misuse of client funds. The chronology of events illustrates this point. Discipline would have been imposed in Washington prior to Ohio but for the continuance, which was not intended as a "stay" pending Mr. Immelt's discipline in Ohio. Because this was a disciplinary proceeding initiated by the WSBA, and based on an out-of-state criminal conviction rather than an out-of-state disciplinary proceeding, the reciprocal discipline rule does not apply. Furthermore, contrary to Ohio, there is no provision for "indefinite suspension" in Washington. RLD 5.1.

Mr. Immelt argues that even if this court finds this is not a reciprocal discipline case disbarment is still inappropriate. He asserts the mitigating factors in his case outweigh the aggravating factors (*see ABA Standards for Imposing Lawyer Sanctions* 15 (1986)), and thus he should not be disbarred. We disagree.

The Board found only one mitigating factor present — the imposition of other penalties or sanctions in connection with Mr. Immelt's criminal prosecution by the United States Attorney in Ohio. Furthermore, the Board found the presence of several aggravating factors, *e.g.*, prior disciplinary offenses, dishonest or selfish motive, and a pattern of misconduct, indicated an otherwise appropriate sanction should not be modified. In our opinion, a fair reading of the record reveals the presence of additional aggravating factors. For example, the disciplined conduct involved multiple offenses — Mr. Immelt took a total of approximately $45,000 from three different people on several separate occasions. In addition, Mr. Immelt was ordered by the Ohio State Bar to make restitution in the amount of approximately $47,000, and to date he has paid barely $1,000. He concedes it is not his "first obligation".

■ The Board voted unanimously, 11 to 0, to disbar Mr. Immelt. The sanction Mr. Immelt proposes — indefinite suspension or, in the alternative, something less than disbarment — has no support whatsoever from the Board. Moreover, the sanction imposed by the Board in this case is fairly supported by the record. *See In re Hankin,* 116 Wn.2d 293, 295-96, 804 P.2d 30 (1991). In addition, the purposes of lawyer discipline — to protect the public and deter other attorneys from similar misconduct — are better served here by disbarment rather than suspension. Finally, under the ABA *Standards* and prior Washington case law, disbarment in this situation is neither clearly excessive nor a significant departure from sanctions imposed in similar, *i.e.,* conversion of client funds, cases. Disbarment is the appropriate sanction.

We order that Jay C. Immelt be disbarred from the practice of law in Washington.